IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          CR. No. 05-606 RLP

CODY SHANE MARTINEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant's Motion to Dismiss Based on First Amendment Grounds.   After consideration of the parties' submissions and the evidence proffered at an evidentiary hearing held on January 20, 2006, the court denies the motion for the reasons set forth below.

Defendant, a member of the Mescalero-Apache Tribe, was charged with selling feathers of golden eagles in violation of The Bald and Golden Eagle Protection Act , 16 U.S.C. § 668(a) and the Migratory Bird Treaty Act, 16 U.S.C. § 703 & 707(a).  He argues that the enumerated Acts violate the Free Exercise Clause of the First Amendment and his rights under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1 (RFRA).

The RFRA provides that the Government cannot place a substantial burden on a person's exercise of religion unless "that application of the burden to the person--(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *United States v. Gonzales*, 957 F. Supp. 1225, 1227 (D.N.M. 1997) (quoting 42 U.S.C. § 2000bb-1(b)).

Abraham Chee, Sr., a Mescalero-Apache medicine man, testified about the spiritual and religious practices of the Mescalero-Apache people.  After establishing that the Defendant is considered a medicine man in training, Chee explained that a medicine man is often the recipient of offerings or gifts from the people he serves.  Any such offering is a spiritual or religious tradition of the Mescalero Apache people and can occur in many different forms.

Chee testified that he has no knowledge of the alleged transaction between Defendant and Mr. Shanta.  Testifying hypothetically, Chee explained that if the transaction between Defendant occurred where Shanta exchanged money for eagle parts provided by Defendant, such behavior would not be a spiritual or religious practice of the Mescalero Apache people and would not be condoned.  Hence, according to Chee, a commercial exchange as alleged by the Government has no spiritual or religious significance to the Mescalero Apache people.

In *United States v. Top Sky*, 547 F.2d 486 (9th Cir. 1976), the court found that selling eagle parts was not part of the Chippewa-Cree Tribe's religion and that the selling of such parts is deplored by the Native American people.  *Id*. at 488.  Accordingly, the court found that because the defendant was prosecuted for purely commercial activities, there was no burden on religion.  *Id*.

The Government fashions this case as purely one of purchasing and selling eagle feathers.  "To constitute a 'sale,' there must be parties standing to each other in the relation of buyer and seller, their minds must assent to the same proposition, and a consideration must pass." Black's Law Dictionary (6th ed. 1990).  As in *Top Sky*, such an

exchange implicates neither the United States Constitution or RFRA.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant's

Motion to Dismiss Based on First Amendment Grounds [Doc. 34] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)